# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. Action No. CIV-21-547-F |
| NEW DOMINION, LLC; JENNIFER LIN COOPER; G. TERRY FELTS; DEBORAH FELTS; JOHN MIRJANICH, M.D.; ALVIS MCAFFREY; JERRY NOVAKOWSKI; KELLY NOVAKOWSKI; RON WOODEN; EVA WOODEN; RAYMOND BERLIOZ; RICHARD NOVAKOWSKI; DEBRA NOVAKOWSKI; RICK SPARKS; SHIRLEY SPARKS; LISA GRIGGS; APRIL MARLER; GEORGE N. CHACKO; CHRISTIE S. CHACKO; RONALD D. BRYEN; SHARON K. BRYEN; ARDISHIR AMIGHI; JOHN BUNT; BARBARA BUNT; CAROL COREY; GREG DEPEW; JANICE DEPEW; KATHLEEN ROBERTS; LAJUANA DENNIS; GINA JORDAN; DONNA DORR; CLYDE DORR; VALI FADAIEPOUR; CAROL FADAIEPOUR; JULIE HOLBROOK; KEITH HARRIS; REBECCA HARRIS; CAROL JENSEN; CHRISTINE LEAVITT; THOMAS MAASSEN; GERALD MCCAULEY; MARK MCCOY; TERRI MCCOY; SCOTT MONETTI; LAURI MONETTI; STEVEN MOYER; KIMBERLY MOYER; COLE NEWBY; TERI NEWBY; MICHAEL PETERS; SHERRI PETERS; TAMARA RIBERA; PHILIP SADEGHY; PARVIN SADEGHY; MARY H. SMITH; BRIAN STANALAND; DEBRA STANALAND; SHARON STEWART; CONNIE STIVERS; NEILE BLACKWELL; ROBERT TALBOT; DAPHNE TALBOT; SAUNDRA TAYLOR; MARY TRAVIS; SCOTT TYREE; LAURA | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |

TYREE; KEITH WARRIOR; GEORGE      )
WELCH; ALBERTA WELCH; EARL        )
WHITE; SHANNON WHITE; STEWART     )
WILLIAMS; MAE OMA WILLIAMS;       )
BASIL WILCOXSON; KENNETH WOLF;    )
LAURA WOLF; SHOUSHAN ZENG; LAN    )
ZHAO; GREG DEPEW; JANICE DEPEW;   )
THOMAS MAASSEN; EARL WHITE;       )
SHANNON WHITE; SHARON STEWART;    )
ROBERT TALBOT; DAPHNE TALBOT;     )
LAJUANA DENNIS; JOHN BUNT;        )
BARBARA BUNT; CAROL COREY;        )
KATHRYN AITKEN; ROBERT ALLEN;     )
DAVINNA ALLENSWORTH; DENNIS       )
ATKINSON; DENISE AUSTIN; DAVID    )
BALL; BLAKE BARLOW; DAVID BEEBE;  )
CHRISTINE BREWER; DONALD BREWER;  )
EDWIN CARR; DELORES CARR; J. PAT  )
CARTER; BETTY CLAXTON; SHIRLEY    )
COLEMAN; DEBRA COOPER; TROY       )
CREWS; DAWN CROTEAU; SAM          )
CROTEAU; DENISE DERYCKE; MICHAEL  )
PRESTON; JAMES DOSS; STEVEN       )
DUMMER; WILLIAM FOGLEMAN;         )
GLENDA FOGLEMAN; JULIA FRIAS;     )
LARRY FRIEND; ARTHUR GANTHER;     )
KATHERINE GANTHER; CHRIS          )
GILLESPIE; RONA GOODEAGLE; JOHN   )
GUADALUPE; ANTHONY HARTZ;         )
LAURALEE HARTZ; SAM HARVEY;       )
LYNN HARVEY; SHANNON HARWELL;     )
RAYMOND HENNEHA; DARLENE RAE      )
HITCHCOCK; MATTHEW HODGE; MEGAN)
HODGE; JOY JONES; KASSIDY LAESCH; )
LINDA LAVENDER; ROLAND LOZIER;    )
LAWRENCE MANTIN; ELLEN MAXWELL;)
THERESA MCDANIEL; EUGENE          )
MCDANIEL; GARY MCDONALD;          )
SHANNON MCDONALD; LARRY           )
MURPHREE; KELLY MURPHREE;         )
MICKEY NIXON; GARY PIERSOL;       )
SHANNON PIERSOL; JAMES PIKE; GARY )
PUTERKA; SAMUEL REYNOLDS; GLYN    )

2

RIDGEWELL; REBECCA RIDGEWELL;  )
TONDA ROBINSON; SHERRY  )
SAPPINGTON; JOHN SCHWALL; ANGELA )
SCHWALL;  SALLY SHUPACK; JOHN  )
SIMPSON; NANCY SIMPSON; JEREMY  )
SMART; REBECCA SMITH; LARRY  )
STARNS; NANCY STARNS; SHARON  )
STRONG; MICHAEL SULLIVAN; DAWNE  )
SULLIVAN; DAVID SWANSON; ROBERT  )
TRAYLOR; DAN VOGEL ON BEHALF OF  )
FAIRFAX HOMEOWNERS ASSOCIATION,  )
INC.; SHIRLEY WEISS; STAN WEISS;  )
SHANNON WILLIAMS; ROBERT  )
WILLIAMS; LACHEVERJUAN BENNETT;  )
JARED BLACK; CAROLYN CAMPBELL;  )
RONALD CAMPBELL; KENNETH  )
CAMPBELL; RICHARD CAMPBELL;  )
CHARLES CANNING; JAMES DURLEY;  )
RICK FARMER; VELMA GLOVER;  )
KARA HAMMER; PATTY HAZLEWOOD;  )
MARK HELBERG; CARON JARVIS; ROY  )
JONES; JOHN SECONDI; JAMES SHIEL;  )
MARCELLA SHIEL; JOHN THOMAS;  )
THOMAS THOMAS; MANNY TORRES;  )
DARLENE TRAVIS; HEATHER TRENT;  )
GAGELENE TYREE; CYNTHIA WARD;  )
ANGELA WATSON; CLEOVIS WATSON,  )
III; ROBERT MALLETT; SHANNON  )
MALLETT; RUSSELL RAY POLLARD;  )
SARAH PRESSGROVE; THOMAS  )
PRESSGROVE; SHALANA ROBB MOAD;  )
SHAYLA HUDSON; STACI RICHMOND;  )
WILLIAM RICHMOND; VIRGINIA LEE  )
MAGUIRE; ADAM BURT; ERIN BURT;  )
ALLEN BURKE; ALVINA WILKS; AMERIC )
LEEVIRAPHAN; SUZANNE  )
LEEVIRAPHAN; ARVIL E. SMALLWOOD;  )
VICKI SMALLWOOD; BARRON WINTERS; )
MISTIE WINTERS; BRAD K. HARBER;  )
BRADLEY CASPER; BRENTON JAYNES;  )
KRISTY JAYNES; CALI HERNANDEZ;  )
JORDAN HERNANDEZ; CLAYTON  )
ADAMS; DALE CHEATHAM; DARREN  )

3

PETERS; DAVID H. LEVAN; PAULA               )
LEVAN; DEBORA GAMM; ROBERT                  )
ALEXANDER, SR.; DEBRA BRENNAN               )
BRENNAN; DOLORES JACKSON; JAMES             )
JACKSON; DIANA PIERRE; EDWARD C.            )
LORENZEN; EILEEN B. CABALLERO;              )
EMILY BUCHANAN; NATHAN                      )
BUCHANAN; GARY JONES; RITA D.               )
JONES; GARY STEVEN PISTOLE; GAYLE           )
CASKEY; HAROLD CASKEY; GRACE J.             )
DOTSON; GREG VOLLMER; GROVER                )
TURNER; JAMES COOKE; JAMES                  )
DOUGLAS STAFFORD; LISA STAFFORD;            )
JAMES E. HORN; JANET HORN; JAMES L.         )
PENDLEY, SR.; JEANETTE PENDLEY;             )
JAMES WALLACE; PAM WALLACE;                 )
SHIRLEY CHESSER; JANE LOUISE                )
ANDERSON; JASON G. HENSON; JERRY            )
MCGEE; MEGHAN MCGEE; JONATHAN               )
W.T. LEWIS; LISA LEWIS; JORDAN              )
BRESHEARS; JOSE LUIS BOSQUEZ;               )
MARIA DIAZ-BOSQUEZ; JUSTIN R.               )
BARKER; KEITH DOUGHERTY; TAMMY              )
B. DOUGHERTY; KEITH H. FINLEY;              )
KELLY KEY; MICHAEL KEY; KRISTY              )
JAYNES; LARRY JAYNES; LELAND                )
ANNESLEY; LINDA HASKELL; RICHARD            )
HASKELL; LISA BIRDWELL; RICKY               )
BIRDWELL; LISA WOLF; WILLIAM WOLF;)
LYNDALL YOUNG; MARCA LEA                    )
BENNETT; MARCA BENNETT;                     )
MARGARET REEVES; MARIECA PILCHER;)
WILLIAM (BILL) GARDNER; MARSHA K.           )
SANDERS; MISTY DAWN PRITCHARD;              )
MITCHELL C. ELMORE; MOHAMMAD                )
RAHIMI; NANCY R. MAXEY; NELSON              )
JACK HAYES; PAMELA GAIL HAYES;              )
OSCAR C. SMART, SR.; PATRICIA               )
COLSON; PAUL CROWL; RAVEN CROWL; )
RENE BUSS; SHANE BUSS; R.L.                 )
MONTGOMERY; SHARON ANN BRUCE;               )
SHARON WOOD; WILLIAM WOOD;                  )
SONIA VEGA; WILLIE C. WASHINGTON,           )

4

JR.; WITMER DANIEL; SHERRY HOWARD;)
GUILIDALOE REYES; LAURIE HARLOW;  )
LARRY HARLOW; FRANK RILEY;            )
RUBELMAN PERDOMO PADILLA;            )
JULIAN ASH; RAE LEMONIER; ALVERNA )
BLACK; JAMES MCCAUGHTRY; JACKIE  )
MCCAUGHTRY; SHIRLEY WITKOWSKI;  )
TIM SWEATTE; ABBAS MOVLAI; JANICE )
MOVLAI; ALEXANDER T. LUNN;            )
CAROLYN LUNN; ANTHONY "TONY"      )
KRALIK; CHRISSY KRALIK; ARNOLD     )
BURKETT; CHERYL A. BURKETT; BEN    )
YOUNG; BETTY A. FOSTER; BEVERLY    )
HILL-WIGGLY; BILL FULLER; RICHARD  )
FULLER; SYDNEY FULLER; BRANDON K. )
THORNBRUE; KRYSTAL THORNBRUE;    )
CARLA MALOY; PATRICK MALOY;          )
CATHY PERRY; WES PERRY;  CYNTHIA  )
GRAVES; DARELL LANTZ; DAVID          )
FLANAGAN; DAVID MAIN; LOUISE        )
MAIN; DEBBIE FISHER; JIM TATUM;       )
DEBORAH CALHOUN; JERRY CALHOUN; )
DON NEIGHBORS; RAELENE               )
NEIGHBORS; DONALD KINCAID;           )
DOUGLAS NORMAN SMITH; EDIWIN       )
HOUSE; LOVENIA HOUSE; ELAINE        )
ALTOM; ELDRIDGE H. KINDLE; THERESA)
M. KINDLE; ERIC MOORE; KAREN         )
MOORE; ERIC WILLIAMS; EVELYN        )
COLBERT; HAROLD COLBERT; EVELYN  )
NEPHEW; HOLLY RICE; SAM RICE;         )
INMAN HOUSE; J. RAMON AVILA;         )
JAMES E. DOSS; JAMES R.                 )
MONTGOMERY, III; JAMES SKIPPER;    )
JAMES THOMAS; JAYSON DAVIDSON;   )
JENNIE KISER; JERI ALLMON; MICKEY  )
ALLMON; JESSE TISCHAUSER; TARA     )
TISCHAUSER; JIM E. BEAN; LISA K.      )
BEAN; JOE L. RODRIQUEZ; JOHN CRAIG; )
JOHN MILBURN; STEPHANIE MILBURN;  )
JOSE SANTANA; KAREN THORNBRUE;   )
RONALD THORNBRUE; KEITH WARRIOR;)
KEVIN BEAT; LEROY ANDERSON;          )

5

4845-1828-1442, v. 4

LIGHTHOUSE CHRISTIAN CENTER;          )
MANGUS SCOTT, SR.; MARCOS CHAVEZ; )
MARILYN DUESTERHAUS; MARSHALL      )
DUNLAP; MARTHA NEWCOMB;               )
MATTHEW MILLER; RACHEL MILLER;     )
MIKE LEARD; SHERRI LEARD; MISTY B.  )
ELLERBY; MISTY GRAHAM; RONALD       )
GRAHAM; MITZI POTTER; SCOTT           )
POTTER; NANCY J. DYE; PRENTISS         )
NEPHEW; RACHELLE CALDWELL;           )
ROBERT CALDWELL; RAYMOND            )
JORDAN; RHONDA LYNN MCCRACKEN;  )
ROBERT LANG; and ROBIN A. LANG,       )
                                                      )
      Defendants.                          )

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S COMPLAINT FOR DECLARATORY JUDGMENT**

For its Complaint for Declaratory Judgment, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") states:

**NATURE OF ACTION**

1.     This is an action for declaratory judgment, brought pursuant to 28 U.S.C. § 2201, in which National Union seeks declarations that it has no duty to defend or indemnify New Dominion, LLC ("New Dominion") under two umbrella liability policies for a series of lawsuits alleging that New Dominion's underground disposal of "fracking" wastewater caused earthquakes throughout Central Oklahoma that resulted in damage to residential properties. National Union further seeks damages from New Dominion in the form of reimbursement of attorneys' fees, defense costs, and other expenses paid by National Union in connection with the lawsuits.

6

4845-1828-1442, v. 4

2. National Union has no duty to defend or indemnify New Dominion because the lawsuits seek damages arising out of: a) actual or alleged discharge of "pollutants," which are excluded from coverage by the National Union policies' pollution exclusions, and b) earthquakes and the corresponding subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, mud flow, rising, tilting or any other movement of land or earth, which are excluded from coverage by the National Union policies' subsidence exclusions.

3. Alternatively, National Union is entitled to declarations that: a) the umbrella policies apply only to "bodily injury" or the portion of any "property damage" that took place during the umbrella policies' policy periods, b) National Union's share of defense costs and expenses owed under the 2011 Umbrella Policy is limited to a *pro rata* share corresponding to the number of other implicated policy periods, and c) the total limits of coverage available under the umbrella policies are limited to $10 million.

## PARTIES

4. National Union is a corporation organized under the laws of Pennsylvania with its principal place of business in New York. National Union is and, at all times relevant to this complaint, was authorized to issue and deliver liability policies in Oklahoma.

5. New Dominion is a limited liability company organized under the laws of Oklahoma with its principal place of business in Tulsa, Oklahoma.

6. The Defendants other than New Dominion are the plaintiffs in the "Underlying Lawsuits" (identified below in Paragraph 10) who are residents and/or

7

owners of real property in Oklahoma, and named as necessary parties pursuant to FED. R.

CIV. P. 19(a)(1).

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§2201

and 2202 insofar as National Union seeks a declaration of its rights and duties under the

insurance policies at issue.

8.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) and

(c)(1) because the parties are of diverse citizenship and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

9.      This Court has personal jurisdiction over New Dominion and the other

Defendants because they are domiciled in or residents of Oklahoma. Venue is proper in

this District pursuant to 28 U.S.C. § 1391(b)(2).

## THE UNDERLYING LAWSUITS

10.    New Dominion is currently a defendant in ten (10) lawsuits (the

"Underlying Lawsuits") pending in various Oklahoma state courts:

      a.      *Jennifer Lin Cooper, on behalf of herself and all other residents of*

*central Oklahoma similarly situated v. New Dominion, LLC et al.,* Case No. CJ-

2015-24 in the District Court of Oklahoma, Lincoln County (the "*Cooper*

Lawsuit");

      b.      *G. Terry Felts et al. v. Devon Energy Production Company L.P., et*

*al.*, Case No. CJ-2016-137 in the District Court of Oklahoma County (the "*Felts*

Lawsuit");

4845-1828-1442, v. 4

c.     *Lisa Griggs and April Marler, on behalf of themselves and other Oklahoma citizen similarly situated v. New Dominion LLC et al.,* Case No. CJ-2017-174 in the District Court of Logan County (the "*Griggs* Lawsuit");

d.     *George N. Chacko et al. v. Sundance Energy Oklahoma, et al.*, Case No. CJ-2017-7308 in the District Court of Oklahoma County (the "*Chacko* Lawsuit");

e.     *Greg Depew et al. v. Sundance Energy Oklahoma, et al.*, Case No. CJ-2019-4520 in the District Court of Oklahoma County (the "*Depew* Lawsuit");

f.     *Lacheverjuan Bennett et al. v. Chaparral Energy, L.L.C., et al.*, Case No. CJ-2018-58 in the District Court of Logan County (the "*Bennett* Lawsuit");

g.     *Robert Mallett et al. v. Chesapeake Operating, LLC, et al.*, Case No. CJ-2019-261 in the District Court of Logan County (the "*Mallett* Lawsuit");

h.     *Adam Burt et al. v. New Dominion, LLC*, Case No. CJ-2020-114 in the District Court of Cleveland County (the "*Burt* Lawsuit");

i.     *Sherry Howard et al. v. New Dominion, LLC*, Case No. CJ-2020-113 in the District Court of Cleveland County (the "*Howard* Lawsuit"); and

j.     *Abbas Movlai v. Chesapeake Operating, LLC, et al.,* Case No. CJ-2019-262 in the District Court of Logan County (the "*Movlai* Lawsuit").

11.    In general, the plaintiffs in the Underlying Lawsuits allege that they are owners and/or residents of real property in Oklahoma that has been affected by earthquakes and/or seismic activity occurring in Oklahoma beginning in approximately 2011.

4845-1828-1442, v. 4

12.     The Underlying Lawsuits generally allege that New Dominion and other defendants have operated disposal wells or injection wells in the area of the earthquakes and/or seismic activity occurring from 2011 onward.

13.     It is alleged in the Underlying Lawsuits that New Dominion and the other defendants operated the wells to dispose of wastewater, produced water, and/or other materials generated during the hydraulic fracturing (or "fracking") technique of oil and gas production.

14.     It is alleged in the Underlying Lawsuits that the operation of these disposal wells or injection wells by New Dominion and the other defendants have adversely affected underground geological formations and correspondingly caused a series of earthquake "clusters" taking place at various times between 2011 and 2017.

15.     As a result of the earthquakes allegedly caused by New Dominion's disposal well and/or injection well activities, the plaintiffs in the Underlying Lawsuits seek a variety of damages and other relief against New Dominion and the other defendants, including: a) past and ongoing physical damages to real and personal property; b) market value losses or diminution in value of real property; c) economic loss from business interruption, d) reimbursement of earthquake insurance premiums, e) lost peace of mind and/or emotional distress; f) annoyance, discomfort, and/or inconvenience, g) unspecified personal injury, h) punitive damages, i) equitable relief, and j) attorney fees, costs, expenses.

4845-1828-1442, v. 4

## THE NATIONAL UNION UMBRELLA POLICIES

16.     National Union issued Commercial Umbrella Liability Policy Nos. BE 15069603, effective July 1, 2011 to July 1, 2012 (the "2011 Umbrella Policy"), and BE 047721701, effective July 1, 2015 to July 1, 2016 (the "2015 Umbrella Policy"). The 2011 Umbrella Policy and 2015 Umbrella Policy (together the "Umbrella Policies") incorporate substantially similar terms, conditions, exclusions, and other provisions, with defined terms identified in both policies in bold lettering.

17.     The Umbrella Policies provide, in pertinent part, that National Union will "pay on behalf of the **Insured** those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages by reason of liability imposed by law because of **Bodily Injury** [or] **Property Damage**…" Coverage under the Umbrella Policies applies only if the **Bodily Injury** or **Property Damage** occurs during the **Policy Period**.

18.     The **Retained Limit** under the 2011 Umbrella Policy is exhausted. Correspondingly, National Union has been participating in New Dominion's defense in connection with the Underlying Lawsuits under the 2011 Umbrella Policy, subject to a reservation of National Union's rights to deny or limit coverage, in whole or in part.

19.     As amended by Endorsement No. 27, the 2015 Umbrella Policy defines **Retained Limit** as the applicable limit(s) listed in the Schedule of Retained Limits, which apply whether or not there is any available **Scheduled Underlying Insurance** or **Other Insurance** applicable to a **Loss**. As amended by the Retained Limit Amendatory Endorsement, **Loss** means those sums actually paid as judgments or settlements. The Scheduled of Retained Limits contained in the 2015 Umbrella Policy sets forth the

11

following limits: $6,000,000 Per Occurrence; $7,000,000 General Aggregate and $7,000,000 Products & Completed Operations Aggregate.

20.     The **Retained Limit** under the 2015 Umbrella Policy is not exhausted because the applicable limits in the Scheduled of Retained Limits have not been exhausted by the payment of **Loss** in connection with the Underlying Lawsuits.

21.     The Umbrella Policies contain substantively identical Pollution Exclusions that preclude coverage for "[a]ny **Bodily Injury** [or] **Property Damage**…arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **Pollutants** anywhere at any time." The Umbrella Policies both define **Pollutants** as "any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

22.     The Umbrella Policies contain identical Subsidence Exclusions that preclude coverage for "any liability arising out of subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, mud flow, rising, tilting or any other movement of land or earth."

## COUNT I
### The Pollution Exclusions Preclude Coverage for the Underlying Lawsuits

23.     National Union re-alleges Paragraphs 1-22 as if fully set forth herein.

24.     The "fracking" wastewater whose underground disposal by New Dominion forms the basis of the claims against New Dominion in the Underlying Lawsuits is a **Pollutant**, as defined by the Umbrella Policies.

25.    New Dominion's potential liability in the Underlying Lawsuits for any damages because of **Bodily Injury** or **Property Damage** arises out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **Pollutants**." Thus, the Pollution Exclusions preclude any possibility of coverage for New Dominion under the Umbrella Policies in connection with the Underlying Lawsuits.

26.    National Union is entitled to a declaration that has no duties to defend or indemnify New Dominion in connection with the Underlying Lawsuits under the Umbrella Policies because the Pollution Exclusions in the Umbrella Policies preclude any possibility of coverage.

## COUNT II
### The Subsidence Exclusions Preclude Coverage for the Underlying Lawsuits

27.    National Union re-alleges Paragraphs 1-26 as if fully set forth herein.

28.    New Dominion's potential liability in the Underlying Lawsuits for any damages because of **Bodily Injury** or **Property Damage** arises out of the occurrence of earthquakes and the corresponding "subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, mud flow, rising, tilting or any other movement of land or earth." Thus, the Subsidence Exclusions in the Umbrella Policies preclude any possibility of coverage for New Dominion under the Umbrella Policies in connection with the Underlying Lawsuits.

29.    An actual and substantial controversy, for which National Union has no adequate remedy at law, exists regarding whether the Subsidence Exclusions in the

4845-1828-1442, v. 4

Umbrella Policies preclude any possibility of coverage for New Dominion in connection with the Underlying Lawsuits.

30.    Accordingly, National Union is entitled to a declaration that has no duties to defend or indemnify New Dominion in connection with the Underlying Lawsuits under the Umbrella Policies because the Subsidence Exclusions in the Umbrella Policies preclude any possibility of coverage.

## COUNT III
## Defense Cost Reimbursement

31.    National Union re-alleges Paragraphs 1-30 as if fully set forth herein.

32.    Following exhaustion of the **Retained Limit** under the 2011 Umbrella Policy, National Union has been participating in New Dominion's defense in the Underlying Lawsuits under the 2011 Umbrella Policy, subject to a reservation of National Union's rights.

33.    To date, National Union has paid, and continues to pay, under reservation of its rights under the 2011 Umbrella Policy, a portion of the attorneys' fees, costs, and expenses incurred to defend New Dominion in the Underlying Lawsuits.

34.    National Union has and had no duty under the 2011 Umbrella Policy to pay any portion of the attorneys' fees, costs, and expenses incurred to defend New Dominion in connection with the Underlying Lawsuits because the Pollution Exclusion and the Subsidence Exclusion in the 2011 Umbrella Policy preclude any possibility of coverage.

35.    Accordingly, New Dominion has improperly received the benefit of or been unjustly enriched by, the attorneys' fees, costs, and other expenses that National Union

4845-1828-1442, v. 4

has paid but has and had no obligation to pay in connection with the Underlying Lawsuits.

36.     Upon this Court's determination that National Union has and had no duties to defend or indemnify New Dominion in connection with the Underlying Lawsuits under the 2011 Umbrella Policy, National Union is entitled to reimbursement from New Dominion of any and all attorneys' fees, costs, and other expenses paid by National Union, in an amount according to proof.

### COUNT IV
**Alternatively, National Union's Indemnity Obligations Apply Only to Damages, Or Portions Thereof, that Took Place During the Umbrella Policies' Policy Periods**

37.     National Union re-alleges Paragraphs 1-36 as if fully set forth herein.

38.     Alternatively, National Union's potential obligations to defend and/or indemnify New Dominion under the Umbrella Policies in connection with the Underlying Lawsuits applies only to damages because of **Bodily Injury** or **Property Damage** that took place during the Umbrella Policies' **Policy Periods** – *i.e.* July 1, 2011 to July 1, 2012 and July 1, 2015 to July 1, 2016.

39.     At least in part, the Underlying Lawsuits seek to hold New Dominion liable for damages because of **Bodily Injury** or **Property Damage** that took place outside the Umbrella Policies' **Policy Periods** – *i.e.* after July 1, 2012 and before and after July 1, 2015 to July 1, 2016. National Union has no obligation to indemnify New Dominion in connection with any damages because of **Bodily Injury** or **Property Damage** that took place outside the Umbrella Policies' **Policy Periods**.

15

40.     Accordingly, as alternative relief, National Union is entitled to a declaration that has no duty to indemnify New Dominion in connection with the Underlying Lawsuits for any damages because of **Bodily Injury** or **Property Damage**, or any portion of those damages, that took place outside the Umbrella Policies' **Policy Periods**.

### COUNT V
### Alternatively, National Union Is Obligated to Pay Only a
### *Pro Rata* Share of Defense Costs and Expenses Under the 2011 Umbrella Policy

41.     National Union re-alleges Paragraphs 1-40 as if fully set forth herein.

42.     Alternatively, National Union's potential obligations to defend and/or indemnify New Dominion under the 2011 Umbrella Policy in connection with the Underlying Lawsuits applies only to damages because of **Bodily Injury** or **Property Damage** that took place during the 2011 Umbrella Policy's July 1, 2011 to July 1, 2012 **Policy Period**.

43.     In substantial part, the Underlying Lawsuits seek to hold New Dominion liable for damages because of **Bodily Injury** or **Property Damage** that took place after the July 1, 2012 expiration date of the 2011 Umbrella Policy.

44.     Because the Underlying Lawsuits seek to hold New Dominion liable for damages because of **Bodily Injury** or **Property Damage** that took place after the July 1, 2012 expiration date of the 2011 Umbrella Policy, New Dominion and/or its other insurers must bear a *pro rata* share of the defense costs and expenses for each of the Underlying Lawsuits corresponding to the number of policy periods other than the 2011 Umbrella Policy period in which the damages in each of the Underlying Lawsuits allegedly took place.

4845-1828-1442, v. 4

45.     Accordingly, as alternative relief, National Union is entitled to a declaration that its share of defense costs and expenses incurred in connection with the Underlying Lawsuits is limited to a *pro rata* share corresponding to the relation of its single 2011 Umbrella Policy period to the number of policy periods in which the damages in each of the Underlying Lawsuits allegedly took place.

## COUNT VI
## National Union's Total Potential Indemnity Limits Are $10 Million

46.     National Union re-alleges Paragraphs 1-39 as if fully set forth herein.

47.     The limits of coverage of the 2011 Umbrella Policy are $10 million, and the limits of the 2015 Umbrella Policy are $5 million.

48.     As amended by Endorsement No. 3, the 2015 Umbrella Policy contains an "Anti-Stacking Excess Casualty Limitation" Endorsement, which provides that if the 2015 Umbrella Policy and any **Other Insurance** provided by any member companies of AIG through the Excess Casualty division apply to the same claim, **Suit** or **Occurrence**, the maximum limit of insurance under all insurance will not exceed the highest applicable limits of insurance available under any one policy.

49.     National Union is a member company of AIG, and the 2011 Umbrella Policy was issued through AIG's Excess Casualty division.

50.     Accordingly, as alternative relief, National Union is entitled to a declaration that the maximum limit of insurance potentially available to New Dominion for the Underlying Lawsuits under both of the Umbrella Policies is $10 million, the highest applicable limits of insurance available under the 2011 Umbrella Policy.

WHEREFORE, National Union respectfully requests that this Honorable Court enter an Order:

  a. finding and declaring that National Union has no duties to defend or indemnify New Dominion in connection with the Underlying Lawsuits under the Umbrella Policies because the Pollution Exclusions in the Umbrella Policies preclude any possibility of coverage;

  b. finding and declaring that National Union has no duties to defend or indemnify New Dominion in connection with the Underlying Lawsuits under the Umbrella Policies because the Subsidence Exclusions in the Umbrella Policies preclude any possibility of coverage;

  c. an order and judgment requiring New Dominion to pay or reimburse National Union for all attorneys' fees, costs, and other expenses paid by National Union in connection with the Underlying Lawsuits, in an amount according to proof;

  d. as alternative relief, finding and declaring that National Union has no duty to indemnify New Dominion in connection with the Underlying Lawsuits for any damages because of Bodily Injury or Property Damage, or any portion of those damages, that took place outside the Umbrella Policies' policy periods;

  e. as alternative relief, finding and declaring that National Union share of defense costs and expenses incurred in connection with the Underlying Lawsuits is limited to a *pro rata* share corresponding to the relation of its single 2011

18

Umbrella Policy period to the number of policy periods in which the damages in each of the Underlying Lawsuits allegedly took place;

f. as alternative relief, finding and declaring that if the Retained Limit under the 2015 Umbrella Policy is exhausted, the maximum limit of insurance potentially available to New Dominion for the Underlying Lawsuits under both of the Umbrella Policies is $10 million, the highest applicable limits of insurance available under the 2011 Umbrella Policy.

g. granting National Union such and other further relief as this Honorable Court deems just and proper.

**Dated:** May 26, 2021                         Respectfully Submitted,

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.


By: _____

Ellen Van Meir
evanmeir@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
5956 Sherry Lane, 20th Floor
Dallas, Texas 75225
Telephone: (469) 290-9045
Facsimile:   (469) 290-9041

-and-

19

Matthew J. Fink (*pro hac vice* to be filed)
mfink@nicolaidesllp.com
Charles A. Hafner (*pro hac vice* to be filed)
chafner@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
10 South Wacker, Suite 2100
Chicago, Illinois 60606
Telephone: (312) 585-1400
Facsimile:   (312) 585-1401

4845-1828-1442, v. 4