# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,  <br><br>  Plaintiff,  <br><br> v.  <br><br> NEW DOMINION, LLC, *et al.*,  <br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-21-547-D<br>)<br>)<br>)<br>) |

## **O R D E R**

Upon examination of the Complaint, the Court finds insufficient factual allegations to establish the existence of subject matter jurisdiction.[1]   Plaintiff asserts that jurisdiction over this action exists pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332(a).   *See* Compl. ¶¶ 7-8.   However, Section 2201 merely provides a declaratory judgment remedy; it does not create subject matter jurisdiction.   *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (The Declaratory Judgment Act "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction."); *see also Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996) ("the power to issue declaratory judgments must lie in some independent basis of jurisdiction").

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time.   *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

As to diversity jurisdiction under Section 1332, Plaintiff identifies itself as a corporate citizen of Pennsylvania and New York, and Defendant New Dominion, LLC as an Oklahoma limited liability company with its principal place of business in Oklahoma. *See* Compl. ¶¶ 4-5. For purposes of citizenship, however, a limited liability company is not treated like a corporation under § 1332(c)(1), but like an unincorporated association under *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990). *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). The Complaint does not identify New Dominion, LLC's members or allege their citizenship. Plaintiff also does not state the citizenship of the individual defendants named in the Complaint. *See Siloam Springs*, 781 F.3d at 1238 ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship.") The Court therefore finds that Plaintiff has failed to demonstrate diversity of citizenship between the parties and, thus, the Complaint does not establish a basis of federal jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff is directed to file an amended pleading within 14 days of this date to cure the deficiencies identified in this Order.

**IT IS SO ORDERED** this 3rd day of June, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge