

IN THE DISTRICT COURT OF OKLAHOMA COUNTY

STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB - 8 2017

RICK WARREN
COURT CLERK
30_____

| | |
|---|---|
| G. Terry Felts, Deborah Felts<br>John Mirjanich, M.D.,<br>Alvis McAffrey, Jerry Novakowski<br>Kelly Novakowski, Ron Wooden<br>Eva Wooden, Raymond Berlioz<br>Richard Novakowski, Debra Novakowski<br>Rick Sparks, and Shirley Sparks,<br><br>          Plaintiffs,<br><br>vs<br><br>Sundance Energy Oklahoma LLC, a Delaware<br>limited liability company; Meadowbrook Oil<br>Corporation of Oklahoma, Inc., an Oklahoma<br>corporation; Pedestal Oil Company, Inc.<br>an Oklahoma corporation; New Dominion, LLC,<br>an Oklahoma limited liability company;<br>R.C. Taylor Operating Company, LLC, an<br>Oklahoma limited liability company; TNT<br>Operating Company, an Oklahoma corporation;<br>White Operating Company, an Oklahoma<br>corporation; Rainbo Service Co., an Oklahoma<br>corporation; Marjo Operating Mid-Continent LLC,<br>an Oklahoma limited liability company;<br>Callie Oil Company LLC, an Oklahoma limited<br>liability company,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. CJ-2016-137<br>(Hon. Roger H. Stuart) |

## FIRST AMENDED PETITION

COMES NOW the above-named Plaintiffs, by and through their undersigned attorneys, and for their causes of action against the Defendants, and each of them, alleges and states as follows:

1

## THE PARTIES

1.      Plaintiffs G. Terry Felts and Deborah Felts are residents of the city of Edmond, Oklahoma County, Oklahoma.

2.      Plaintiff John Mirjanich, M.D. is a resident of Oklahoma City, Oklahoma County, Oklahoma.

3.      Plaintiff Alvis McAffrey is a resident of Oklahoma City, Oklahoma County, Oklahoma.

4.      Plaintiffs Jerry and Kelly Novakowski are residents of the city of Edmond, Oklahoma County, Oklahoma.

5.      Plaintiffs Ron and Eva Wooden are residents of the city of Edmond, Oklahoma County, Oklahoma.

6.      Plaintiff Raymond G. Berlioz is a resident of the city of Edmond, Oklahoma County, Oklahoma.

7.      Plaintiffs Richard and Debra Novakowski are residents of the city of Edmond, Oklahoma County, Oklahoma.

8.      Plaintiffs Rick and Shirley Sparks are residents of the city of Edmond, Oklahoma County, Oklahoma.

9.      Defendant Sundance Energy Oklahoma LLC. ("Sundance") is a Delaware limited liability company which maintains its principal place of business in Oklahoma City, Oklahoma County, Oklahoma.

10.     Defendant Meadowbrook Oil Corporation of Oklahoma, Inc. is an Oklahoma corporation which maintains its principal place of business in Del City, Oklahoma, with a

registered agent for service of process in the State of Oklahoma, namely: Dale E. Cottingham, One Leadership Square, 15th Floor, 211 N. Robinson, Oklahoma City, OK 73102.

11. Defendant Pedestal Oil Company, Inc. ("Pedestal") is an Oklahoma Corporation which maintains its principal place of business in Oklahoma City, Oklahoma.

12. Defendant New Dominion, LLC ("New Dominion") is an Oklahoma limited liability company which maintains its principal place of business in Tulsa, Oklahoma.

13. Defendant R.C. Taylor Operating Company, LLC ("R.C. Taylor") is an Oklahoma limited liability company which maintains its principal place of business in Oklahoma City, Oklahoma.

14. Defendant TNT Operating Company ("TNT") is an Oklahoma corporation which maintains its principal place of business in Oklahoma City, Oklahoma County, Oklahoma.

15. Defendant White Operating Company ("White") is an Oklahoma corporation which maintains its principal place of business in Oklahoma City, Oklahoma County, Oklahoma.

16. Defendant Rainbo Service Company ("Rainbo") is an Oklahoma corporation which maintains its principal place of business in Oklahoma City, Oklahoma County, Oklahoma.

17. Defendant Marjo Operating Mid-Continent, LLC ("Marjo") is an Oklahoma limited liability company which maintains its principal place of business in Tulsa, Oklahoma.

18. Defendant Callie Oil Company LLC ("Callie") is an Oklahoma limited liability company which maintains in principal place of business in Agra, Oklahoma, with a registered agent for service of process in the State of Oklahoma, namely: Rory Jett, 344442 E 790 RD, Agra, OK 74824.

## JURISDICTION AND VENUE

19.     Jurisdiction and venue are proper in this Court. The acts complained of in this action occurred in this State, in Oklahoma County, by Defendants and Defendants' employees and officers, all acting within the course and scope of their agency and employment in this State. Venue is proper pursuant to Title 12 O. S. §132.

## GENERAL ALLEGATIONS

20.     Plaintiffs are all, and have been at all times pertinent to the acts complained of in this Petition, owners of real and personal property situated in Oklahoma County, Oklahoma.

21.     From a time unknown, but upon information and belief sometime prior to January 4, 2016, but at all times pertinent to this Petition, Defendants and each of them, operated and continue to operate certain wells within Oklahoma and Logan Counties, and elsewhere within the state of Oklahoma,   maintained to deposit contaminants deep into the natural environment (hereinafter "Disposal Wells").   These contaminants consist of pollutants, including but not limited to chemicals, salt water, oil field brine, waste oil, waste emulsified oil, basic sediments, mud, and other injurious substances produced or used in the drilling, development, production, transportation, refining, and processing of oil, gas and/or brine mining, being pollutants that would otherwise not be present in the places where they are deposited by the Defendants (hereinafter "Fracking Waste").

22.     The geological formations underlying Oklahoma and Logan Counties, in or near the cities of Edmond, Oklahoma City, and other nearby densely populated areas in central Oklahoma, include geological faults that have been identified and widely recognized by geologists and others in the scientific community for more than 20 years.

4

23.     Since 2008 an increasing and extraordinary number of earthquakes have occurred in Oklahoma, growing in number and frequency from a total of approximately 170 prior to 2009 to more than 5,800 in the year 2015.  Since at least 2013 independent scientists, as well as members of the United States Geological Survey, the Oklahoma Geological Survey, and the Oklahoma Corporation Commission have identified the disposal of Fracking Waste into disposal wells as the direct cause of the increased number, frequency, and severity of Oklahoma's earthquakes.

24.     In August 2015 Governor Mary Fallin and Oklahoma State Secretary of Energy and Environment Michael Teague publicly acknowledged that there was a direct connection between the disposal of Fracking Waste and earthquakes in Oklahoma.

25.     By carelessly locating and operating their individual Disposal Wells to deposit Fracking Waste at or near geological faults, Defendants failed to exercise reasonable and ordinary care to avoid the risk of injury and harm to others. In doing so, each of the named Defendants knew, or should have known, that such activity would fundamentally change the natural world in a way to pose an unreasonable risk of injury and harm to the health, safety and welfare of others, their persons and property, including that of these Plaintiffs.  The defendants, and each of them, knew or should have known that operating their Disposal Wells at or near geological faults would cause earthquakes.

26.     By carelessly locating and operating their individual Disposal Wells to deposit Fracking Waste, the Defendants have acted and continue to act with reckless disregard for injury and harm to others, including each of these Plaintiffs.

5

27.     In locating and operating their Disposal Wells, in and around Oklahoma City, Edmond, and other nearby communities, Defendants' careless acts are the direct and proximate cause of damage to each of the Plaintiffs.

28.     At all times pertinent, Defendant Sundance owned or operated one or more Disposal Wells located in or near Logan County, Oklahoma that are the direct and proximate cause of damage to each of the Plaintiffs.

29.     At all times pertinent, Defendant Meadowbrook owned or operated one or more Disposal Wells located in or near Oklahoma County, Oklahoma that are the direct and proximate cause of damage to each of the Plaintiffs.

30.     At all times pertinent, Defendant Old Dominion owned or operated one or more Disposal Wells located in or near Oklahoma County, Oklahoma that are the direct and proximate cause of damage to each of the Plaintiffs.

31.     At all times pertinent, Defendant Pedestal owned or operated one or more Disposal Wells located in or near Oklahoma County, Oklahoma that are the direct and proximate cause of damage to each of the Plaintiffs.

32.     At all times pertinent, Defendant R.C. Taylor owned or operated one or more Disposal Wells located in or near Oklahoma County, Oklahoma which that are the direct and proximate cause of damage to each of the Plaintiffs.

33.     At all times pertinent, Defendant TNT owned or operated one or more Disposal Wells located in or near Oklahoma County, Oklahoma that are the direct and proximate cause of damage to each of the Plaintiffs.

34.     At all times pertinent, Defendant White owned or operated one or more Disposal Wells located in or near Oklahoma County, Oklahoma that are the direct and proximate cause of damage to each of the Plaintiffs.

35.     At all times pertinent, Defendant Rainbo owned or operated one or more Disposal Wells located in or near Oklahoma County, Oklahoma that are the direct and proximate cause of damage to each of the Plaintiffs.

36.     At all times pertinent, Defendant Callie owned or operated one or more Disposal Wells located in or near Oklahoma County, Oklahoma that are the direct and proximate cause of damage to each of the Plaintiffs.

37.     At all times pertinent, Defendant Marjo owned or operated one or more Disposal Wells located in or near Logan County, Oklahoma that are the direct and proximate cause of damage to each of the Plaintiffs.

38.     Following numerous earthquakes before then, on or about December 29, 2015 at approximately 5:39 a.m., Plaintiffs, and each of them, experienced a magnitude 4.3 earthquake, followed by a series of smaller aftershocks, the epicenter of which was located near the intersection of E. Covell Road and N. Midwest Blvd. in Oklahoma County.

39.     Likewise, on or about January 1, 2016, again at approximately 5:39 a.m., Plaintiffs, and each of them experienced a magnitude 4.2 earthquake, followed by a series of smaller aftershocks, the epicenter of which was located near the intersection of E. Covell Road and N. Sooner Road in Oklahoma County.

40.     On or about January 4, 2016 the Oklahoma Corporation Commission ("OCC") published a Media Advisory in response to these December 29, 2015 and January 1, 2016 earthquakes. The Media Advisory, entitled "Media Advisory – Edmond Area Earthquakes,"

7

identified Disposal Wells operated by Defendants, directing them "...to complete reduction of disposal volumes in accordance with [the Oklahoma Corporation Commission's attached] schedule...As part of a joint effort to decrease the risk of induced seismicity...." The OCC Media Advisory was issued by the OCC Oil and Gas Conservation Division as part of the OCC's "expanding efforts to reduce the risk of earthquakes potentially triggered by saltwater disposal wells." A true and correct copy is attached hereto as Exhibit A.

41.    Before those felt on December 29, 2015 and January 1, 2016 that prompted the OCC's actions on January 4, 2016, Plaintiffs had experienced damaging earthquakes but had no information to associate them with the Defendants' Disposal Wells.

42.    By continuing to carelessly place and operate their individual Disposal Wells in and near Oklahoma City, Edmond, and nearby communities, each of the Defendants' continue to cause damage to Plaintiffs.

43.    At all times mentioned herein, the Defendants have acted by and through their duly – authorized officers, managers, agents, servants, and/or employees, all of whom have acted within the course and scope of their employment or other relationship.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

44.    To the extent they are not inconsistent with the allegations in this First Cause of Action, Plaintiffs incorporate all other allegations of this Petition as though more fully set forth herein.

45.    Defendants have a duty to use ordinary care to insure the safety of Plaintiffs and others in conducting the operations and activities related to their Disposal Wells, including but not limited to the location, volume, and depth where Fracking Waste is deposited.

46. Defendants were negligent, careless, and reckless in the following respects, among others:

a. Failure to exercise ordinary care in the location and operation of their Disposal Wells;

b. Failure to warn others of the dangers associated with the operation of their Disposal Wells;

c. Failure to provide reasonable measures to protect others from the effects of induced earthquakes, including but not limited to harm to their persons and property.

47. As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered and will continue to suffer temporary and permanent damage to their persons and property. Specifically, Plaintiffs have and will continue to suffer from physical damage to their property, including but not limited to, destruction and loss of real and personal property, cracked and broken interior and exterior walls, bricks and fascia, movement of foundations beneath their dwellings and other improvements, all of which has caused and will continue to cause Plaintiffs to suffer pain and suffering, both mental and physical, mental and emotional anguish, fear, and worry associated with harm to themselves and others, as well as their property as a result of past and future earthquakes and the associated expenses and inconvenience, including but not limited to physical injury or death, payment of money for the repair and replacement of property, loss of use, temporary and permanent dispossession, hidden or lingering threats from damage to infrastructure, diminution in the value of their properties, as well as the decreased marketability, among others.

48.     The acts and omissions of Defendants were committed with complete indifference to, or in conscious disregard for, the safety and well – being of the Plaintiffs and others. By virtue of the attitude and conduct of the Defendants, Plaintiffs are entitled to exemplary or punitive damages in an amount that will properly punish Defendants and deter them and others from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment under this First Cause of Action for general damages in such sum as is fair and reasonable, for special damages in such sum as proven at trial, for exemplary or punitive damages in an amount that will properly punish Defendants and deter them and others from like conduct, for Plaintiffs' fees, costs, and expenses, and for such other relief as the court deems just and proper.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY/ULTRAHAZARDOUS ACTIVITY

49.     To the extent they are not inconsistent with the allegations in this Second Cause of Action, Plaintiffs incorporate all other allegations of this Petition as though more fully set forth herein.

50.     Defendant's actions in disposing of the Fracking Waste into their Disposal Wells, where located, is abnormally dangerous and constitutes an ultra-hazardous activity that cannot be eliminated by the exercise of reasonable care.

51.     Defendants are liable to Plaintiffs regardless of the amount of care exercised.

52.     As a direct result of the actions and omissions of Defendants, Plaintiffs have been damaged as set forth above in the First Cause of Action.

53.     The actions, conduct and omissions of Defendants were committed with complete indifference and with conscious disregard for the safety and well-being of the Plaintiffs and

10

others. By virtue of the attitude and conduct of Defendants, Plaintiffs are entitled to exemplary or punitive damages in an amount that will properly punish Defendants and deter them and others from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment under this Second Cause of Action for general damages in such sum as is fair and reasonable, for special damages in such sum as proven at trial, for exemplary or punitive damages in an amount that will properly punish Defendants and deter them and others from like conduct, for Plaintiffs' fees, costs, and expenses, and for such other relief as the court deems just and proper.

## THIRD CAUSE OF ACTION
### NUISANCE

54. To the extent they are not inconsistent with the allegations in this Fourth Cause of Action, Plaintiffs incorporate all other allegations of this Petition as though more fully set forth herein.

55. The acts and omissions of each of the Defendants has annoyed, injured, and endangered the repose and comfort of the lawful rights of each of the Plaintiffs' to the quiet enjoyment of their respective properties.

56. The acts and omissions of each of the Defendants has rendered the Plaintiffs, and each of them, insecure in their lives and the use of their respective properties.

57. The continuing acts and omissions of the Defendants are grossly negligent and/or willful, and the direct cause of ongoing physical damage to Plaintiffs.

58. As a direct result of the past and continuing acts and omissions of each of the Defendants, each of the Plaintiffs suffers from both temporary physical damages and permanent damages.

11

59. The damages borne by the Plaintiffs that are not reasonably capable of abatement are permanent.

60. The actions, conduct and omissions of Defendants were committed with complete indifference and with conscious disregard for the safety and well-being of the Plaintiffs and others. By virtue of the attitude and conduct of Defendants, Plaintiffs are entitled to exemplary or punitive damages in an amount that will properly punish Defendants and deter them and others from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment under this Fourth Cause of Action for general damages in such sum as is fair and reasonable, for special damages in such sum as proven at trial, for exemplary or punitive damages in an amount that will properly punish Defendants and deter them and others from like conduct, for permanent equitable relief to be entered by the Court against Defendants sufficient to prevent future irreparable harm under such terms as are fair and reasonable to protect Plaintiffs' rights to be secure in the quiet enjoyment of their lives and property, to be entered after a trial upon the merits, as well as for Plaintiffs' fees, costs and expenses, and for such other relief as the court deems just and proper.

Garvin A. Isaacs, OBA# 4559
Garvin A. Isaacs, Inc.
1400 N. Shartel Ave.
Oklahoma City, OK 73103
apacheoklahoma@gmail.com
(405) 232-2060
(405) 232-9035 facsimile

David A. Poarch, OBA # 7197
BAILEY & POARCH
301 E. Eufaula St
Norman, OK 73069
dpoarch@baileyandpoarch.com

12

(405) 329-6600
(405) 329-6634

Beau Williams, OBA #11735
Attorney at Law
4901 Richmond Square, Suite 104
Oklahoma City, Oklahoma 73118
(405) 840-3889 Telephone
405) 843-0322 Facsimile

JURY TRIAL DEMANDED                    ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the _7th_ day of _February_____, 2017 a true and correct copy of the above and foregoing document was mailed, via regular U.S. mail, postage prepaid to the following:

*Garvin A. Isaacs*
Garvin A. Isaacs

Sarah J. Timberlake
ABOWITZ, TIMBERLAKE &
DAHNKE, P.C.
P.O. Box 1937
Oklahoma City, OK 73101
**ATTORNEY FOR RAINBO
SERVICE CO.**

Michael L. Darrah
E. Edd Pritchett, Jr
David L. Kearney
DURBIN, LARIMORE &
BIALICK
920 N. Harvey
Oklahoma City, OK 73102
**ATTORNEYS FOR SUNDANCE
ENERGY OKLAHOMA LLC,
WHITE OPERATING CO. &
TNT OPERATING CO.**

William H Huffman
Evan M. McLemore
LEVINSON, SMITH &
HUFFMAN, PC
1743 E. 71st Street
Tulsa, OK 74136
**ATTORNEYS FOR MARJO
OPERATING MID-
CONTINENT, LLC**

F. Thomas Cordell
FRAILEY, CHAFFIN, CORDELL,
PERRYMAN & STERKEL LLP
P.O. Box 533
Chickasha, OK 73023
**ATTORNEYS FOR PEDESTAL
OIL COMPANY, INC.**

Robert G. Gum
April B. Coffin
GUM, PUCKETT &
MACKECHNIE, L.L.P.
105 N. Hudson, Suite 900
Oklahoma City, OK 71302
**ATTORNEYS FOR NEW
DOMINION, LLC**

W.G. "Gil" Steidley, Jr.
Charles D. Neal, Jr.
Stacie L. Hixon
CityPlex Towers, 53rd FL
2448 E. 81st Street
Tulsa, OK 74137
**ATTORNEYS FOR MARJO
OPERATING MID-
CONTINENT, LLC**

Stephen L. Olson, Esq.
Seth D. Coldiron
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
P.O. Box 26350
Oklahoma City, OK 73126
**ATTORNEYS FOR R.C.
TAYLOR OPERATING CO.,
LLC.**

13

# EXHIBIT A



Case 5:21-cv-00547-D   Document 6-2   Filed 06/17/21   Page 15 of 21

OKLAHOMA

# Corporation Commission

P.O. BOX 52000
OKLAHOMA CITY OKLAHOMA 73152-2000

255 Jim Thorpe Building
Telephone: (405)521-2302
FAX: (405)521-3099

**OIL & GAS CONSERVATION DIVISION**



**Tim Baker, Director**

---

# Earthquake Response as of 12/3/2015 (a partial list)

12/03/15 – Byron/Cherokee area:  4 disposal wells shut-in, volume cuts of 25 to 50 percent for 47 other disposal wells. http://www.occeweb.com/News/12-03-15BYRON-CHEROKEE_MEDFORD%20EARTHQUAKE%20RESPONSE.pdf

12/03/15 – Medford: 3 disposal wells shut-in, volume cuts of 25 to 50 percent for 19 other disposal wells. http://www.occeweb.com/News/12-03-15BYRON-CHEROKEE_MEDFORD%20EARTHQUAKE%20RESPONSE.pdf

11/20/15 – Crescent:  4 disposal wells shut-in, 7 others reduce volume 50 percent http://www.occeweb.com/News/11-20-15CRESCENT%20ADVISORY.pdf

11/19/15 – Cherokee:  2 disposal wells shut-in, 23 others reduce volume 25 to 50 percent. http://www.occeweb.com/News/CHEROKEE%20ADVISORY-VOLUME,%20OPERATOR.PDF

11/16/15 – Fairview: 2 wells reduce volume 25 percent, 1 well stop operations and reduce depth. http://www.occeweb.com/News/11-16-15FAIRVIEW%20and%20MAP.pdf

11/10/15 – Medford:  10 wells reducing volume disposed 25 to 50 percent http://www.occeweb.com/News/11-10-15MEDFORD02.pdf

10/19/2015 – Cushing:  13 wells either ceasing operations or cutting volume disposed 25 percent. http://www.occeweb.com/News/10-19-15CUSHING%202.pdf

8/3/2015 – Volume cutback plan for area that includes portions of northern Oklahoma, Logan, Lincoln, and Payne counties. Goal is to bring total disposed volume in area to 30 percent below 2012 total (pre seismicity). Plan covers 23 wells.  http://www.occeweb.com/News/08-03-15VOLUME%20ADVISORY%20RELEASE.pdf

July 28, 2015 – Crescent: 2 wells shut in, 1 reducing volume 50 percent. http://www.occeweb.com/News/Crescent%20wells.pdf

(more)

*(Response, pg 2)*

\*\* July 17, 2015 – Directive for 211 disposal wells in the Arbuckle to check depth, not resume until it is proven that depth is not in communication with basement rock, or a plug back operation is completed to bring the bottom of the well at least 100 feet up into the Arbuckle. .
http://www.occeweb.com/News/DIRECTIVE-2.pdf

\*\* March 25, 2015 – Directive for 347 wells in the Arbuckle to check depth, etc.
http://www.occeweb.com/News/2015/03-25-15%20Media%20Advisory%20-
%20TL%20and%20related%20documents.pdf

> **\*\* To date, the July 17 and March 25 directives have resulted in 197 wells plugging
> back (i.e., reducing depth), and 14 wells reducing their disposed volume by half.
> Response continues.**

Some of the other actions taken:

All applications for disposal wells must go through a seismicity review. If approved, permit is only good for six months and well can be shut in at any time because of seismicity concerns. Monitoring for seismicity and other requirements are also placed on well.

All Arbuckle disposal wells operating in earthquake areas ("areas of interest") have to record daily and report weekly their volumes and pressures. The data is then put on an FTP site where it can be accessed by researchers.

-occ-

OKLAHOMA

# Corporation Commission

P.O. BOX 52000
OKLAHOMA CITY OKLAHOMA 73152-2000

255 Jim Thorpe Building
Telephone: (405)521-2302
FAX: (405)521-3099

---

**OIL & GAS CONSERVATION DIVISION**                                    **Tim Baker, Director**

---

**January 4, 2016**                    **Contact: Matt Skinner**
                                        **405-521-4180**
                                        **m.skinner@occemail.com**

## Media Advisory – Edmond area earthquakes

The Oklahoma Corporation Commission's Oil and Gas Conservation Division (OGCD) is implementing a plan in response to recent earthquakes in the Edmond area. The plan calls for changes to oil and gas wastewater disposal well operation in the area that dispose into the Arbuckle formation.

There are five operating Arbuckle disposal wells within 10 miles of the center of the earthquake activity in question. The plan calls for the well within about 3.5 miles of the activity to reduce its disposal volume 50 percent while the other wells within 10 miles of the activity will reduce volume 25 percent.

The plan also calls for all Arbuckle disposal wells within 15 miles of the activity to conduct reservoir pressure testing.

OGCD Director Tim Baker says this is part of an ongoing process.

"We are working with researchers on the entire area of the state involved in the latest seismic activity to plot out where we should go from here," said Baker. "We are looking not only at the Edmond area, but the surrounding area as well, including the new seismic activity that has occurred in the Stillwater area."

To aid in the research effort, the operators of the C.J. Judy and the Harvey disposal wells have agreed to suspend operations.

A full listing of the wells, operators, and action for each well can be found attached. A map showing the Arbuckle disposal well locations within the 3-6, 6-10, and 10-15 mile areas, and the recent earthquake activity, is also attached, as is a list of most of the actions taken in 2015 regarding earthquake activity.

SERVICE • ASSISTANCE • COMPLIANCE
EXCELLENCE IS OUR STANDARD

BOB ANTHONY
Commissioner

Todd Hiett
Commissioner

Dana Murphy
Commissioner

## OKLAHOMA
## CORPORATION COMMISSION
P.O. BOX 52000
OKLAHOMA CITY, OKLAHOMA 73152-2000

255 Jim Thorpe Building
Telephone: (405) 521-2302
FAX:  (405) 521-3099

**OIL & GAS CONSERVATION DIVISION**



**Tim Baker, Director**

TO:

FROM: Tim Baker, Director, Oil and Gas Conservation Division

RE: Reduction in Volumes for Wells Located in Area of Interest for Induced Seismicity

DATE:   January 4th, 2016

The Commission's Oil and Gas Conservation Division (OGCD) is expanding its efforts to reduce the risk of earthquakes potentially triggered by saltwater disposal wells.  The following addresses the reduction of volumes being disposed in the Arbuckle formation within the defined area of interest.  Any company that has been identified as operating one or more Arbuckle disposal well(s) located within one of the four zones in the defined area will need to reduce volumes disposed into such well(s) according to the schedule outlined at the end of this letter.  The zones are shown on the attached map and are defined from the center point of the December 29th magnitude 4.3 earthquake, as reported by the Oklahoma Geological Survey (OGS).

- Zero to three miles (0-3 miles)
- Three to six miles (3-6 miles)
- Six to ten miles (6-10 miles)
- Ten to fifteen miles (10-15 miles).

The area highlighted on the attached map has been designated based upon the earthquakes within the immediate area.  The OGCD has reviewed the earthquake activity of magnitude 2.5 and greater within 17 miles of the center of the area of interest. Earthquake data is as reported by the Oklahoma Geological Survey (OGS). The attached map shows earthquake activity of the last 30 days.

As part of a joint effort to decrease the risk of induced seismicity, you will need to complete reduction of disposal volumes in accordance with the following schedule and as indicated for the wells below.  All disposal well volumes shall be calculated on a daily basis.  In addition, gauges and flow meters should be placed on any such wells not so equipped on or before <u>Monday, January 18, 2016</u> so that Commission Field Inspectors can verify pressures and volumes.  As has been the practice, pressures and volumes for such wells should continue to be supplied every Monday to the Commission, on a weekly basis, at <u>ogvolumes@occemail.com</u>.

**The following schedule applies to all wells within the defined zones in the Area of Interest:**

➢ Zero to three miles (0-3 miles):

  ▪ No wells were found to be located within three miles of the epicenter.

➢ Three to six miles (3-6 miles): Fifty percent reduction (50%).
  ▪ On or before Monday, January 18, 2016, daily volumes should be reduced by twenty-five percent (25%) of the daily average of the total volume reported to the Commission on the weekly volume reports through December 28, 2015.
  ▪ On or before Monday, February 1, 2016, daily volumes should be reduced by an additional twenty-five percent (25%), for a total volume reduction of fifty percent (50%) of the daily average of the total volume reported to the Commission on the weekly volume reports through December 28, 2015.

➢ Six to ten miles (6-10 miles):
  ▪ On or before Monday, January 18, 2016, daily volumes should be reduced by thirteen percent (13%) of the daily average of the total volume reported to the Commission on the weekly volume reports through December 28, 2015.
  ▪ On or before Monday, February 1, 2016, daily volumes should be reduced by an additional twelve percent (12%), for a total volume reduction of twenty-five percent (25%) of the daily average of the total volume reported to the Commission on the weekly volume reports through December 28, 2015.

➢ 10 to fifteen miles (10-15 miles):
  ▪ Maintain current levels at this time. This letter shall serve as notification that future seismic activity might result in an expanded area for reductions to include these wells.

    The OGCD plan also includes survey of reservoir pressures of all the Arbuckle disposal wells within the 15 mile radius of the earthquakes that are the subject of this plan. The reservoir pressures will be measured by taking a fluid level after the well has been shut in for a minimum of 48 hours. The fluid level measurements shall be witnessed by an oil and gas field inspector. The OGCD will be in contact to schedule the reservoir pressure measurement.

If you have any questions contact the OGCD:

| Charles Lord | or | Jim Marlatt |
|---|---|---|
| (405) 522-2751 | | (405) 522-2758 |
| c.lord@occemail.com | | j.marlatt@occemail.com |

Thank you in advance for your continued cooperation and attention to this matter.

Sincerely,

Tim Baker, Director
Oil and Gas Conservation Division

The wells in this area operated by your company, and the volume reduction schedule are listed below:

| Company | Status | Well Name | Buffer Zone | Data Max of Volume | Average of Volume | Sum of Volume | Max of Rolling 30 | Reduction | Requested Average Daily Volume |
|---|---|---|---|---|---|---|---|---|---|
| DEVON ENERGY PRODUCTION CO LP | Plugged Back | HARVEY 1-11 SWD | 6-10 | 181 | 30 | 8846 | 61 | 25% | 22 |
| SUNDANCE ENERGY OKLAHOMA LLC DBA SEO LLC | Not in Granite | BERG TRUST 16-3-23 1 SWD | 10-15 | 1295 | 287 | 84610 | 911 | 0% | 287 |
| | | CORNFORTH 15-3-9 1 SWD | 10-15 | 747 | 141 | 41448 | 512 | 0% | 141 |
| GRAYHORSE OPERATING INC | Not in Granite | MCGREW 1-A | 6-10 | 661 | 241 | 72458 | 432 | 25% | 181 |
| NEW DOMINION LLC | Plugged Back | WISHON SWD 1-25 SWD | 6-10 | 6863 | 3045 | 831252 | 4617 | 25% | 2284 |
| | Not injecting | Luther #2 SWD | 10-15 | 0 | 0 | 0 | 0 | | Permitted Volume |
| OPTIMA EXPLORATION LLC | Not injecting/Out of business | OLD HADSON OHIO WALKER 1 | 6-10 | 0 | 0 | 0 | 0 | | |
| | | MCCOON 1-3 | 6-10 | 0 | 0 | 0 | 0 | | |
| PEDESTAL OIL COMPANY INC | Plugged Back | C.J. JUDY 1 | 3-6 | 1461 | 589 | 178609 | 980 | 50% | 295 |
| TAYLOR R C OPERATING COMPANY LLC | Plugged Back | DAHL SWD FACILITY 1 | 6-10 | 9890 | 5814 | 906984 | 8026 | 25% | 4361 |
| CRAIG ELDER OIL AND GAS LLC | Well plugged | ANDERSON 1 | 10-15 | 0 | 0 | 0 | 0 | 0% | |
| TNT OPERATING COMPANY INC | Not in Granite | BAKER-TOWNSEND 6 | 10-15 | 9985 | 7994 | 1223079 | 9566 | 0% | 7994 |
| WHITE OPERATING COMPANY | Not in Granite | WALNUT GROVE SWD 1 | 10-15 | 10348 | 8796 | 448580 | 8767 | | Permitted Volume |
| | | WALNUT GROVE D-2 | 10-15 | 650 | 643 | 32800 | 650 | | Permitted Volume |
| RAINBO SERVICE COMPANY | Not in Granite | PESTHOUSE 1-1 | 10-15 | 3104 | 1433 | 186246 | 2707 | | Permitted Volume |
| SPECIAL ENERGY CORPORATION | Not injecting | SHARON 1 | 10-15 | 0 | 0 | 0 | 0 | | Permitted Volume |
| | | PAN GALACTIC GARGLE BLASTER 1-35 | 10-15 | 192 | 56 | 16806 | 95 | | Permitted Volume |
| MARJO OPERATING MID-CONTINENT LLC | Volume Reporting-no action | WEST CARNEY EXTENSION 2 | 10-15 | 558 | 144 | 21278 | 344 | | Permitted Volume |

Case 5:21-cv-00547-D Document 6-2 Filed 06/17/21 Page 21 of 21