IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-21-547-D<br>)<br>) |
| NEW DOMINION, LLC, *et al.* | )<br>) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Cooper Defendants' Motion to Dismiss Second Amended Complaint [Doc. No. 66] under Fed. R. Civ. P. 12(b)(1) and 19(a)(1)(A). The Motion is supported by an opening brief [Doc. No. 67] and a reply brief [Doc. No. 72], and is opposed by Plaintiff's response brief [Doc. No. 71]. The Motion is fully briefed and at issue.

In this diversity action, Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 regarding insurance coverage provided by two commercial umbrella liability policies issued to Defendant New Dominion, LLC in 2011 and 2015. The coverage issues are raised by lawsuits claiming that New Dominion's underground disposal of wastewater caused earthquakes and damaged residential properties. Plaintiff is proceeding under the Second Amended Complaint [Doc. No. 62], which asserts three claims: Plaintiff's indemnity obligations apply only to damages that occurred during the policy periods; Plaintiff's duty to pay defense costs under the 2011 policy extends only to a pro rata share

that corresponds to its share of damages related to the 2011 policy period; and total indemnity coverage is limited by an anti-stacking provision of the 2015 policy.

The movants – self-described as the Cooper Defendants – are the plaintiffs in the underlying lawsuits against New Dominion. They have been joined as defendants in this action based on an allegation that they are necessary parties under Rule 19(a)(1). *See* Second Am. Compl. ¶ 5. By their Motion, the Cooper Defendants challenge this allegation and seek dismissal on the ground that Plaintiff can obtain "complete relief as to its contractual indemnification obligations to its insured Defendant New Dominion based on the terms of the insurance contract" without involving the Cooper Defendants because they "are complete strangers to the insurance contracts." *See* Mot. Dismiss ¶¶ 2, 7-8. The Motion also requests dismissal for lack of subject matter jurisdiction because Plaintiff's factual allegations do not "show a controversy exists between Plaintiff and the Cooper Defendants." *Id*. ¶ 2. The Cooper Defendants assert that the Constitution's case-or-controversy requirement (U.S. Const. art. III, § 2) and the Declaratory Judgment Act's "actual controversy" requirement (28 U.S.C. § 2201(a)) are not met because "this case is purely about what [Plaintiff] owes New Dominion under their contract of insurance. That issue is between only them." *See* Cooper Defs.' Br. at 2.

## Discussion

**A.    Rule 12(b)(1) Motion**

   **1.    Standard of Decision**

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject

matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'"  *City of Albuquerque v. United States Dept. of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)).  Where, as here, the motion makes only a facial challenge to the sufficiency of the plaintiff's allegations to establish subject matter jurisdiction, the district court must confine its review to the complaint and accept "well-pled factual allegations as true."  *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013); *see also Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147-48 & n.4 (10th Cir. 2015).

The statutory requirement that an "actual controversy" must exist "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III" of the Constitution; the requirement is jurisdictional.  *See Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).  There is no formula to determine whether the requirement is satisfied, but a "classic attempt at a formulation in the declaratory-judgment context" is stated in *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227 (1937) as follows:

> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.  It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Columbian Fin. Corp.*, 650 F.3d at 1376 (quoting *Haworth*, 300 U.S. at 240-41).  "The question comes down to 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of

3

sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id*. (quoting *MedImmune*, 549 U.S. at 127) (internal quotation and footnote omitted).

### 2. Application

Plaintiff alleges in the Second Amended Complaint that its obligations to defend and indemnify New Dominion under the umbrella policies extend only to covered damages occurring during the policy periods, that the underlying lawsuits seek damages outside those periods, that Plaintiff has no duty to indemnify New Dominion for such damages, that Plaintiff has only a proportionate duty to pay defense costs related to its share of covered damages, and that a limitation of coverage provision applies. The Motion challenges the sufficiency of these allegations to "show a controversy exists between Plaintiff and the Cooper Defendants." *See* Mot. Dismiss ¶ 2; Cooper Defs.' Br. at 3.

There plainly is a substantial controversy between Plaintiff and New Dominion – and thus subject matter jurisdiction exists – for a declaratory judgment action to determine Plaintiff's liabilities regarding the underlying lawsuits. The real question raised by the Motion is whether the Cooper Defendants have a sufficient interest in that controversy to be joined as parties to the action. The Cooper Defendants seem to contend they have no interest in obtaining a proper interpretation of contracts to which they are strangers. In effect, they argue that because Plaintiff has admitted coverage exists under the 2011 policy (at least), any uncertainty about the extent of Plaintiff's liability does not concern them.

Upon consideration, the Court is not persuaded by this argument. As to some claims asserted in the Second Amended Complaint, a resolution of the alleged dispute could affect the Cooper Defendants' rights as claimants to proceeds of the insurance policy. For

4

example, a determination that liability coverage exists only for covered damages during a particular time period or that coverage is capped by an anti-stacking provision, would limit the Cooper Defendants' ability to recover proceeds of the policies. Further, a determination would enable Plaintiff to consider its potential exposure and could affect Plaintiff's conduct regarding attempts to settle claims against its insured. *See Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1275 (10th Cir. 1989) (discussing insurer's duties regarding third party claimants). Without expressing any opinion about whether the Court should exercise its authority to consider Plaintiff's declaratory judgment claims, the Court finds that the Second Amended Complaint adequately states a justiciable controversy between Plaintiff and the Cooper Defendants.

**B.     Rule 19(a) Motion**

**1.     Standard of Decision**

The Cooper Defendants move for dismissal under Rule 19(a), which mandates the joinder of necessary parties who must be joined if feasible. This provision does not authorize the dismissal of an action. Instead, Rule 19(b) authorizes a dismissal where a necessary party cannot be joined and is found to be indispensable to a just adjudication. *See* Fed. R. Civ. P. 19(b). That is not the issue here. Where a party is improperly joined, as argued by the Cooper Defendants, the remedy for misjoinder is not the dismissal of an action but dropping a party or severing a claim against a party. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). Thus, the issue presented by the Motion is whether the Cooper Defendants were properly joined as parties.

...


### 2.   Application

The law is well settled "that in an action for declaratory judgment all persons interested in the declaration are 'necessary' parties." *Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir. 1974) (citing *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653 (10th Cir. 1946)). In *Harris*, this rule included a tortfeasor who was covered under her father's insurance policy and the injured party to whom she was found to be liable; because they were not parties to the insurer's declaratory judgment action against the insured father, they were not bound by the judgment entered in that action. *Id.* As a general rule, "[i]n declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured." *Franklin Life*, 157 F.2d at 658.

The Cooper Defendants distinguish cases involving denials of coverage from this one, where coverage has been admitted and the dispute involves limits of liability (among other things). For the same reasons that the Court finds an actual controversy exists between Plaintiff and the Cooper Defendants, the Court also finds that the Cooper Defendants are proper parties to this action.

**IT IS THEREFORE ORDERED** that the Cooper Defendants' Motion to Dismiss Second Amended Complaint [Doc. No. 66] is **DENIED**.

**IT IS SO ORDERED** this 28th day of April, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge